**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 01-6168**

---

In Re: RONNIE DEVONE JOHNSON, a/k/a Spanky,

Petitioner.

---

On Petition for Writ of Mandamus.  (CR-96-157-HO)

---

Submitted:  March 8, 2001          Decided:  March 16, 2001

---

Before MOTZ, TRAXLER, and KING, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Ronnie Devone Johnson, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Ronnie Devon Johnson has filed a petition for writ of mandamus seeking this court to compel the district court to properly apply the United States Sentencing Guidelines to his sentence. Mandamus is a drastic remedy, only to be granted in extraordinary circumstances. In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (citing Kerr v. United States Dist. Court, 426 U.S. 394 (1976)). The party seeking mandamus relief has the heavy burden of showing that he has no other adequate avenues of relief and that his right to the relief sought is "clear and indisputable." Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989) (quoting Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 384 (1953)); Beard, 811 F.2d at 826. Courts are extremely reluctant to grant a writ of mandamus, and the decision is within the discretion of the court addressing the application for the writ. Beard, 811 F.2d at 827 (citations omitted).

We find that Johnson has not met his burden of proof such that mandamus is the proper remedy in this situation. Mandamus is not a substitute for appeal or for collateral review of a criminal conviction, and Johnson's right to relief by way of mandamus is not clear. Mallard, 490 U.S. at 309; In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988). Accordingly, we grant Johnson's request to proceed in forma pauperis, and deny his request for mandamus. We dispense with oral argument because the

2

facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

PETITION DENIED